```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

_____

| | |
|---|---|
| **JEANIE BRISCOE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 24-cv-3013-SHL-tmp |
| | ) |
| **ST. JUDE CHILDREN'S RESEARCH** | ) |
| **HOSPITAL, INC.,** | ) |
| | ) |
| Defendant. | ) |

_____

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
_____

Before the court is *pro se* plaintiff Jeanie Briscoe's Motion to Strike Defendant's Affirmative Defenses, filed on February 28, 2025.[1] (ECF No. 17.) Defendant St. Jude Children's Research Hospital, Inc. ("St. Jude") responded in opposition on March 11, 2025. (ECF No. 19.) For the following reasons, Briscoe's Motion to Strike is DENIED.

### I.   BACKGROUND

On December 19, 2024, Briscoe filed her complaint against St. Jude, alleging that St. Jude discriminated against her based on her race, color, and gender/sex in violation of Title VII of the

_____

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (ECF No. 2 at PageID 2.) Briscoe also attached a narrative of her allegations as well as various documents related to her charge with the Equal Employment Opportunity Commission ("EEOC"). (ECF Nos. 2-1, 2-2, 2-3.)

St. Jude answered the complaint on February 26, 2025, asserting seven affirmative defenses: (1) Briscoe failed to state a claim (the "First Defense"); (2) St. Jude's actions were taken for legitimate, non-discriminatory and non-retaliatory reasons (the "Second Defense"); (3) Briscoe did not timely file her charge with the EEOC (the "Third Defense"); (4) Briscoe failed to exhaust her administrative remedies (the "Fourth Defense"); (5) Briscoe's claims are barred by the doctrines of waiver and/or estoppel (the "Fifth Defense"); (6) Briscoe failed to mitigate her damages (the "Sixth Defense"); and (7) Briscoe's claims are barred in whole or in part by the doctrines of laches and/or unclean hands (the "Seventh Defense"). (ECF No. 16 at PageID 63-64.)

Briscoe moved to strike St. Jude's First, Second, Third, Fourth, Sixth, and Seventh Defenses on February 28, 2025. (ECF No. 17.) She argues that they "lack legal or factual support, are redundant, or fail to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." (Id. at PageID 76.) St. Jude responded in opposition on March 11, 2025. (ECF No. 19.)

## II.   DISCUSSION

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The standard to strike under Rule 12 is high, and '[g]enerally, motions to strike are disfavored by the court.'" Griffin v. Bank of America, N.A., No. 2:14-cv-02335, 2014 WL 12531103, at *1 (W.D. Tenn. Oct. 7, 2014) (quoting Johansen v. Presley, 977 F. Supp. 2d 871, 877 (W.D. Tenn. 2013)) (citing HCRI TRS Acquirer, LLC v. Iwer, 708 F. Supp. 2d 687, 698 (N.D. Ohio 2010)). "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." Operating Eng'rs Loc. 324 Health Care Plan v. G&W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting Kennedy v. City of Cleveland, 797 F2d 297, 305 (6th Cir. 1986)). As such, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953).

Generally, affirmative defenses are "analyzed under the 'fair notice' standard, which requires that defendants provide 'fair notice of the defense that is being advanced [and] the grounds for entitlement to relief.'" Ellis v. Majestic Operations, LLC, No.

22-CV-02511-TMP, 2023 WL 1768133, at *3 (W.D. Tenn. Feb. 3, 2023) (quoting Bolton v. United States, No. 2:12-cv-3031-JPM-dkv, 2013 WL 3965427, at *3 (W.D. Tenn. Aug. 1, 2013)) (alteration in original); see also McAfee v. IC Sys., Inc., No. 1:24-cv-474, 2024 WL 4871595, at *1-2 (S.D. Ohio Nov. 22, 2024); Clausen v. Burns & Wilcox, Ltd., No. 20-11193, 2024 4361950, at *2 ((E.D. Mich. Sept. 30, 2024). "[S]tating an affirmative defense 'in general terms' is enough to give the plaintiff fair notice of the defense." Jones v. Enter. Holdings, Inc., No. 2:23-CV-920, 2024 WL 2952372, at *2 (S.D. Ohio June 12, 2024) (citing Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC, No. 1:19-cv-566, 2022 WL 2915586, at *7 (S.D. Ohio July 25, 2022)). And "a motion to strike an affirmative defense should be granted only if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" Id. (quoting Operating Eng'rs Loc., 783 F.3d at 1050).

**B.   The First Defense**

Briscoe argues that the First Defense should be stricken because a failure to state a claim defense "is improper as an affirmative defense" and "is more appropriate in a motion to dismiss under Rule 12(b)(6)." (ECF No. 17 at PageID 76.) "The Federal Rules, however, do not prohibit raising 'failure to state a claim' as an affirmative defense." Sony/ATV Music Publ'g LLC v.

D.J. Miller Music Distribs., Inc., No. 3:09-cv-01098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011). "Rule 12(h)(2)(A) permits a party to raise 'failure to state a claim' in 'any pleading allowed or ordered under Rule 7(a),' which includes the Answer." Id. "Moreover, courts in [the Sixth] Circuit have accepted 'failure to state a claim' as an affirmative defense." Id. Briscoe's motion is DENIED as to the First Defense.

**C.    The Second Defense**

Briscoe next argues that the Second Defense—that St. Jude's actions were taken for legitimate, non-discriminatory reasons—should be stricken because it "is a factual dispute, not a defense." (ECF No. 17 at PageID 76.) Whether an employer can articulate a legitimate, non-discriminatory reason for an adverse employment action is central to the McDonnell Douglas burden-shifting framework, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973), and is routinely pleaded as an affirmative defense, see Thomas v. Imperial Cleaning Sys., Inc., No. 3:18-CV-00772, 2019 WL 3210101, at *5 n.5 (M.D. Tenn. June 20, 2019) (recommending that plaintiff's motion to strike "legitimate, nondiscriminatory reason" defense be denied), report and recommendation adopted, No. 3:18-CV-00772, 2019 WL 3202999 (M.D. Tenn. July 16, 2019). "All that is required at this stage . . . is that [St. Jude] provide [Briscoe] with fair notice of the nature of the defenses it may raise." Id. at *6 (citing Malibu Media, LLC

v. Doe, No. 1:14CV2293, 2015 WL 5730756, at *3 (N.D. Ohio Sept. 29, 2015)). St. Jude has done so here. Briscoe's Motion is DENIED as to the Second Defense.

**D.   The Third Defense**

As to the Third Defense, that Briscoe's charge was not timely filed with the EEOC, Briscoe argues that it should be stricken because it is factually incorrect. (ECF No. 17 at PageID 77.) But "[w]hether there is a factual basis for [a] [d]efendant['s] affirmative defense should be addressed during the discovery process, not through a motion to strike." Cane Creek Sod Contractors, LLC v. Pub. Bldg. Auth. of City of Sevierville, No. 3:10-CV-66, 2010 WL 11562023, at *3 (E.D. Tenn. Dec. 17, 2010). Briscoe's Motion is DENIED as to the Third Defense.

**E.   The Fourth Defense**

Briscoe also argues that St. Jude's Fourth Defense—that Briscoe failed to exhaust her administrative remedies—is inapplicable because St. Jude "fails to allege any facts demonstrating non-exhaustion." (ECF No. 17 at PageID 77.) It appears that Briscoe is invoking the plausibility standard for pleading requirements under Twombly and Iqbal. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, "the plausibility pleading standard does not apply to affirmative defenses." Ellis, 2023 WL 1768133, at *3. As discussed above, St. Jude is only required to meet the

fair notice standard, "which requires that defendants provide 'fair notice of the defense that is being advanced [and] the grounds for entitlement to relief.'" Id. (citing Bolton, 2013 WL 3965427, at *3). The court finds that St. Jude has satisfied this standard. See Jones, 2024 WL 2952372, at *2 (denying plaintiff's motion to strike a failure-to-exhaust defense on factual grounds and explaining that a "failure-to-exhaust affirmative defense . . . is more appropriately the subject of dispositive motion practice"). Briscoe's Motion is DENIED as to the Fourth Defense.

**F.   The Sixth Defense**

Briscoe next argues that St. Jude's Sixth Defense, that she failed to mitigate damages, should be stricken because it is speculative, arguing that "as pled, [it] is vague and conclusory." (ECF No. 17 at PageID 77.) It again appears that Briscoe is invoking the plausibility requirements of Twombly and Iqbal, which do not apply. See Ellis 2023 WL 1768133, at *3. The court finds that St. Jude has met the fair notice standard. See Int'l Outdoor, Inc. v. City of Southgate, No. 2:11-CV-14719, 2012 WL 2367160, at *9 (E.D. Mich. Apr. 26, 2012) (finding that "failure to mitigate" defense satisfied fair notice standard), report and recommendation adopted, 2012 WL 2367170 (E.D. Mich. June 21, 2012). Briscoe's Motion is DENIED as to the Sixth Defense.

## G. The Seventh Defense

Finally, Briscoe argues that the Seventh Defense, the equitable defenses of laches and unclean hands, should be stricken because St. Jude did not provide any factual bases. (ECF No. 17 at PageID 77.) It again appears that Briscoe is invoking the plausibility requirements of Twombly and Iqbal, which do not apply to affirmative defenses. See Ellis 2023 WL 1768133, at *3. And the court finds that St. Jude has satisfied the fair notice standard. See Jones, 2024 WL 2952372, at *2 (finding that the defendant's laches and unclean hands defenses "lack[ed] factual detail," but still satisfied the fair notice standard). Briscoe's Motion is DENIED as to the Seventh Defense.

## III. CONCLUSION

Based on the foregoing reasons, Briscoe's Motion to Strike is DENIED in its entirety.

IT IS SO ORDERED.

                                      s/Tu M. Pham
                                      TU M. PHAM
                                      Chief United States Magistrate Judge

                                      April 23, 2025
                                      Date